UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                          Case No. 09-20523-05

v.                                        Hon. Thomas L Ludington

CHRISTOPHER THREET,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL WITNESS ATTENDANCE

Now before the Court is Defendant Christopher Threet's motion to compel witness attendance. ECF Nos. 262, 269. Defendant requests that the Court compel the attendance of Drug Enforcement Administration ("DEA") Special Agents Cari Gettel, Scott Nedoff, Robert DeRocher, and Dave McGovern, Resident Agent in Charge Joseph Schihl, and Task Force Agent John Boismier as witnesses for the defense at the hearing on Defendant's motion to suppress. These witnesses were agents that traveled to Defendant's last known address to arrest him on January 13, 2011, during which Defendant's house and enclosed porch were searched before he signed a consent to search.

On August 2, 2011, Defendant sent subpoenas to DEA Special Agents Cari Gettel, Scott Nedoff, Robert DeRocher, and Dave McGovern, Resident Agent in Charge Joseph Schihl, and Task Force Agent John Boismier . Shortly thereafter, Michelle Gutzmer, Associate Chief Counsel of the Domestic Criminal Law Section of the DEA, and the United States Attorney's Office rejected the subpoenas as inconsistent with the requirements set forth in 28 C.F.R. § 16.21 et seq. and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

On August 16, 2011, Defendant sent additional correspondence in an effort to comply with the information required by the *Touhy* regulations. The letter stated, in pertinent part:

> Our purpose in requesting the presence at said hearing is, in general, to request provision of relevant records, if any, and question the agents regarding events relative to the issues in the motion to suppress; and, more specifically, to question the agents regarding the events leading to and including the entry without a warrant onto the curtilage and into said residence, the protective sweep of said residence, and the arrest of Mr. Threet and the circumstances surrounding execution of a consent to search form, as well as any related issues.

ECF No. 269 Ex. B at 2. On September 23, 2011, Gutzmer and the United States Attorney's Office again rejected the subpoenas, citing the factors in 28 C.F.R. § 16.26(a) and (b) as the basis for the determination.

Defendant contends that *Touhy* is inapplicable because, in *Touhy*, the subpoenaing party was seeking to enforce a production of evidence and, more specifically, records, and the requests were made "without limitation." 340 U.S. at 466. This difference is not a distinction recognized by the federal courts. *See Boeh v. Gates*, 25 F.3d 761, 766 (9th Cir. 1994) ("There is no difference in principle, however, between the power . . . to specify what records a subordinate may release and the power to specify what information a subordinate may release through testimony.").

Moreover, if Defendant is dissatisfied with the DEA's response to his *Touhy* request, his remedy is an action against the DEA pursuant to the Administrative Procedures Act, and not pursuant to a motion to compel. *Boeh v. Gates*, 25 F.3d 761, 763-767 (9th Cir. 1994); *Swett v. Schenk*, 792 F.2d 1447, 1451 (9th Cir. 1986); *Hayes International, Inc. v. United States Dept. of the Navy*, 685 F. Supp. 228, 230 (M.D. Ala 1987). ("[T]he APA governs federal court review of a federal agency's decision regarding testimony of the agency's employees in state court."). Indeed, the *Touhy* regulations operate as a jurisdictional limitation on the Court's authority, precluding contempt proceedings without regard to the merits of the agency's decision to withhold evidence. *Boeh*, 25 F.3d at 765; *Swett*, 792 F.2d at 1452.

To the extent Defendant is challenging the rejection of his subpoenas as a violation of his rights pursuant to the compulsory process clause of the Sixth Amendment, his motion will be denied. Defendant has not fully complied with the agency's *Touhy* regulations and thus may not assert a constitutional challenge to the regulations. *See United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981). In particular, Defendant has not provided an affidavit "setting forth a summary of the testimony sought[,]" as required by 28 C.F.R. §16.23(c). Defendant's letter request contains the general topic areas of his intended inquiry but does not include a sworn statement summarizing the testimony he seeks.

Accordingly, it is **ORDERED** that Defendant's motion to compel witness attendance (ECF No. 262) is **DENIED AS MOOT**.

It is further **ORDERED** that Defendant's amended motion to compel witness attendance (ECF No. 269) is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 22, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

-3-